Fletcher, J.
As a general rule, in a case of a simple contract in writing, oral evidence is admissible to show a subsequent oral agreement to enlarge the time of performance, or to vary any other terms of the contract, or to discharge and annul it altogether. This rule of law is well established by numerous authorities.
Whether or not this general principle is applicable at all, and if so, to what extent, to written contracts within the statute of frauds, is a question which has been frequently and largely discussed; and the adjudged cases uppn the subject, both English and American, are numerous and very conflicting. This conflict of decisions has occasioned much difficulty and embarrassment.
In the case of Cummings v. Arnold, 3 Met. 486, this subject was very fully considered, and the cases examined by this court. In that case the court say: “ The principal design of the statute of frauds was, that parties should not have imposed on them burdensome contracts, which they never made, and be fixed with goods which they never contemplated to purchase. The statute, therefore, requires a memorandum of the bargain to be in writing, that it may be made certain; but it does not undertake to regulate the performance. It does not say that such a contract shall not be varied by a subsequent oral agreement for a substituted performance. This is left to be decided by the rules and principles of law, in relation to the admission of parol evidence to vary the terms of written contracts. We have *35 no doubt, therefore, that accord and satisfaction, by a substituted performance, would be a good defence in this action.”
The principle thus established is decisive against the de-fence in the present action.
In coining to the above decision, the court adopted the doctrine of the case of Cuff v. Penn, 1 M. & S. 21; in regard to which, after examining other cases, the court say: “ But the principle on which the case of Cuff v. Penn was decided is, in our judgment, more satisfactory, and better adapted to the administration of justice in this and similar cases.”
The case of Cuff v. Penn was substantially like the present case. That was an action of assumpsit against the defendant, for not accepting a quantity of bacon according to his written contract, which was within the statute of frauds. The defence to the action was, that the bacon was not delivered within the time specified in the written contract; to which the plaintiff replied, and proved that the time of delivery, expressed in the written contract, was extended by the parties by a subsequent oral agreement, and that the plaintiff tendered the bacon to the defendant within the substituted time. The court held that it was competent for the plaintiff to show that the parties, by a subsequent oral agreement, substituted a time for the delivery of the bacon different from that mentioned in the written contract, and that he delivered or offered to deliver it, within the substituted time, and the plaintiff had a verdict and judgment.
This rule, which was adopted by this court in Cummings v. Arnold, fully sustains the ruling at nisi prius in this case, and entitles the plaintiff to judgment. The present case strongly illustrates the propriety and necessity of the rule thus established. From the evidence in the case, it must be assumed that the plaintiff would have paid the money within the time limited in the written contract, if the defendant had not orally agreed to substitute another time, and the plaintiff, in fact, tendered the money within the substituted time.
The defendant, therefore, by his own act, by orally agreeing *36 to receive the payment at another substituted time, prevented the plaintiff from making the payment within the time limited in the original contract. Though the plaintiff was ready, and offered to make the payment within the substituted time, yet the defendant, notwithstanding his oral agreement, refused to receive the money, and now sets up the nonperformance by the plaintiff within the time originally limited, which the defendant himself has by his own act occasioned, as a defence to the plaintiff’s claim in this action. This de-fence cannot be maintained.
The conclusion is, that the evidence offered by the plaintiff at the trial was admissible, and competent to go to the jury to maintain the plaintiff’s case; and the defendant, therefore, must be defaulted, and an assessor appointed according to the report, to ascertain the amount to which the plaintiff is entitled, for which judgment will be entered.

Defendant defaulted.